**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERBER GONZALEZ-RAMIREZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70441

Agency No. A095-650-930

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Gerber Gonzalez-Ramirez, native and citizen of Guatemala, petitions pro se

for review of a Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that Gonzalez-Ramirez failed to demonstrate past persecution on account of a protected ground because he could only speculate as to why his father was killed and the record does not compel the conclusion that he was threatened on account of a political opinion or his membership in a particular social group. *See id.* at 483-84. Substantial evidence also supports the BIA's conclusion that Gonzalez-Ramirez failed to establish he has a well-founded fear of future persecution because he can reasonably relocate to Guatemala City. *See Ochave v. INS*, 254 F.3d 859, 867-68 (9th Cir. 2001). Accordingly, Gonzalez-Ramirez's asylum claim fails.

Because Gonzalez-Ramirez failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

The IJ did not expressly address Gonzalez-Ramirez's CAT claim. However, any error was harmless because the agency's finding that Gonzalez-Ramirez can relocate safely is supported by substantial evidence. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001) (evidence the petitioner can relocate to avoid

torture is relevant to whether the petitioner has satisfied his burden for CAT relief);

8 C.F.R. § 1208.16(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**